BERTHOL BROWN, APPELLEE, v. K. B. KAAR, DOING BUSINESS AS KAAR SERVICE, APPELLANT.

134 N. W. 2d 60

Filed March 26, 1965. No. 35859.

Kier, Cobb & Luedtke, Janice L. Gradwohl, and John P. Glynn, Jr., for appellant.

Baylor, Evnen, Baylor & Urbom and J. Arthur Curtiss, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

This is an action against an automobile wrecker operator for damages to a livestock truck trailer and cargo when it tipped over during attempts to move it back on the highway. The jury verdict was for the plaintiff and the defendant has appealed. The principal issues involve rulings on admissibility of evidence and instructions to the jury.

The plaintiff was driving a livestock truck trailer loaded with 165 hogs on four decks between Omaha

and Lincoln, Nebraska, on the westbound lanes of the interstate highway in a blizzard. He hit a snowbank and went off the highway and down into the median area between the eastbound and westbound lanes of the four-lane divided highway. The area sloped down from the shoulder on each side to the center portion of the median, which was more or less level and approximately 3 feet below the level of the pavement. The truck trailer was at an angle to the pavement, with the left rear wheels at approximately the junction of the median and the bottom of the slope. The front main duals were closer to the pavement and further up the slope. The tractor and cab were on further up the slope at a sharper angle, and closest to the pavement. The truck trailer was slanting to the left after the accident, and at all times during the attempted removal operations.

The accident occurred about 2 a.m. The first efforts with a small wrecker were made about 4 a.m. and later efforts were made with large and small wreckers commencing around 10 or 10:30 a.m. Because of the construction of the trailer, the unit could not be pulled backward and initial efforts were all made to pull the unit forward and back onto the westbound lanes from which it had come. There is a dispute as to whether any of the initial efforts to remove the unit moved it at all, but in any event, at about noon, it was apparent that there was a good prospect that the truck might tip over to the left and onto the median. In an effort to prevent this, one wrecker attached a cable to the right rear frame of the trailer on the high side and put tension on it at approximately a 90 degree angle to the right. There is evidence that when this was done, the right rear duals of the trailer were lifted 6 inches to 1 foot off the slope. Approximately 10 minutes after this occurred, the truck trailer slowly fell over onto its left side. During all of the operations, the hogs were moving around in their

compartments and were crowding more and more to the left or low side.

The plaintiff's petition alleged that defendant was negligent in four particulars: (1) In failing to pull the tractor and van to the next turn-around in the median of said highway where they could have been removed in an upright position; (2) in attempting to extricate the tractor and van by pulling them sidewise and uphill; (3) in attempting to extricate the tractor and van by hooking the equipment onto the high side thereof, and raising it still higher; and (4) in failing to anchor the upper portions of the tractor and van or otherwise to prevent the same from tipping over. All four of these allegations were submitted to the jury, with an instruction that it was sufficient if the plaintiff proved any one or more of them.

It is prejudicial error for the trial court to submit to the jury allegations of negligence for which there is no proof. Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701. There was no evidence that the defendant attempted to extricate the tractor and trailer by pulling them sidewise and uphill and this issue should not have been submitted to the jury.

The allegation that defendant was negligent in failing to pull the tractor trailer to the next turn-around in the median of the highway where they could have been removed in an upright position is not supported by any testimony that this was the only proper and reasonable way to attempt to extricate the tractor and trailer. There may have been many other methods or alternative choices for removing them which were reasonable and proper. The only evidence submitted by the plaintiff himself on this issue was the suggestion of a highway patrolman that it might be done in that fashion, and the evidence that after the upset, and removal of the hogs from the trailer, the tractor and trailer were removed that way. Both of these matters will be referred to later. This is clearly insufficient to establish

negligence in this situation, particularly where the only expert testimony on the issue was that that method of attempting to extricate them was improper. This testimony was that the rear wheels of the tractor were supporting the lower front side of the trailer, and that to turn the tractor down to the median would have removed the support of the wheels and tipped the load over to begin with. The jury was, in effect, instructed that any method of removal except that of pulling them down into the median and to the next turn-around was negligent, and this is simply not supported by the evidence.

The defendant also complains that the fourth allegation of negligence, the failure to anchor the upper portions of the tractor and trailer or otherwise prevent the same tipping over, was improperly submitted. The objection is that the evidence showed that the trailer body was aluminum with no place to hook onto the upper portions and that he cannot be chargeable with negligence where the evidence was that the upper portions could not be hooked onto for anchoring. While the first portion of the allegation and instruction may have been confusing in limiting the anchoring to the upper portions, obviously, the upper portions and the lower portions were fastened together. It would, of course, be clearer if there had been no reference to portions. The allegation and the instruction also did not limit the matter to anchoring the upper portions, but also can be treated as an allegation of a failure otherwise to prevent the equipment from tipping over. While the choice of words may not have been exact, the meaning of the allegation and the instruction with respect to it, considered as a whole, were reasonably clear. Brown v. Hyslop, 153 Neb. 669, 45 N. W. 2d 743.

The only instruction submitted to the jury on the subject of negligence was a portion of instruction No. 5 which was simply the ordinary reasonable man definition. Nowhere did the court submit any instruction as to the duty of care owed by the defendant to the

plaintiff. The court did not advise the jury whether the defendant's duty to the plaintiff was that of an insurer or an expert or whether it was that of ordinary care. Whether requested to do so or not, the trial court has the duty of instructing on issues presented by the pleadings and the evidence, and failure to do so constitutes prejudicial error. Welstead v. Jim Ryan Constr. Co., 160 Neb. 87, 69 N. W. 2d 308. The duty of care owed by the defendant was a fundamental and basic issue of the case. We think the proper instruction should have advised the jury that the defendant, who was engaged for the purpose of removing the tractor and trailer for a valuable consideration, owed the plaintiff the duty of using such diligence, skill, and care as are ordinarily employed by those persons in the wrecker business in the community and area in which he was engaged in such business.

The defendant also predicates error by the trial court in permitting a state highway patrolman, who was admittedly not an expert, to testify that he told an employee of the defendant at a time before the truck trailer tipped over, that the patrolman thought the truck could be pulled down off the shoulder and into the median, then down through the median and further on west toward another drainage dam, and then up the corner by the drainage dam and onto the highway. In fact, this statement by the patrolman, coupled with testimony as to how the equipment was removed after it had tipped over, was the only basis upon which the assumption that it would be negligence to remove it in any other manner was predicated. It is clear that a witness is not competent to give an opinion unless shown to possess the necessary learning, knowledge, skill, or practical experience to enable him to give the opinion testimony. See, 20 Am. Jur., Evidence, §§ 783, 786, pp. 656, 659; Webber v. City of Scottsbluff, 150 Neb. 446, 35 N. W. 2d 110. The plaintiff contends that the testimony was admissible for the purpose of showing that the defendant had no-

tice of an alternative method but it was clearly opinion evidence and was not limited to that purpose.

The defendant also complains that the patrolman and another witness were both permitted to testify that after the truck trailer had tipped over, and after the livestock had been removed, the truck trailer was then righted and removed in the manner suggested by the patrolman originally. This, of course, was also the basis for the first specific allegation of negligence and there was no testimony by any expert witness that this was a proper method of removal, much less that it was the only proper method of removal under the conditions existing prior to the time the equipment tipped over. In fact, the only expert testimony on the subject was that in its loaded condition and position prior to tipping over, that method of removal in itself would have caused the equipment to tip over. It is clear that evidence of subsequent conduct of one whose negligence is alleged to have caused or contributed to an accident or injury is inadmissible to show antecedent negligence. 65 C. J. S., Negligence, § 224, p. 1042. See, also, Tankersley v. Lincoln Traction Co., 101 Neb. 578, 163 N. W. 850.

The defendant asserts that negligence is never presumed and cannot be inferred from the mere fact that an accident happened. This, of course, is true. The jury was specifically instructed to that effect. The plaintiff, however, offered no competent evidence as to the usual and customary manner of removing a truck trailer in the circumstances shown and the jury was allowed to speculate and conjecture on different theories as to how the tractor and trailer should have been removed. This applies to the first and second allegations of negligence. As to these, they amounted to a choice between courses of action as to methods of removal and it would seem that the situation might be analogous to malpractice cases and governed by those rules. Whether errors of judgment will or will not make the defendant expert liable in a given case depends not merely upon the fact

that he may be ordinarily skillful as such, but whether he has handled the matter skillfully or has exercised such reasonable skill and diligence as is ordinarily exercised in his business or profession. Johnson v. Winston, 68 Neb. 425, 94 N. W. 607; In re Estate of Johnson, 145 Neb. 333, 16 N. W. 2d 504.

The defendant also urges that it is incumbent on the plaintiff to prove that the alleged negligent acts of the defendant were the proximate cause of his injury and that there was no intervening cause occasioning such injury. The defendant's position is that the movement of the livestock to the low side of the trailer alone caused the trailer to tip over. He contends that even though the jury might find from the evidence that the defendant actually raised the high side of the trailer at one time, this had nothing to do with the upset, and the movement of the livestock was an independent intervening cause. While there is a dispute in the evidence as to whether the defendant had actually raised or lifted the high side of the trailer, there is direct testimony that he had done so. All of the parties were aware of the fact that the trailer was loaded with livestock; and that the trailer was in a slanted or tilted position. They were, or should have been, aware of the fact that livestock, even more than an inanimate load, would tend to shift to the low side. The fact that the trailer stood in its position for some 10 or 12 hours without falling over before the defendant applied the tension or lift is at least probative evidence which was for the jury. There is certainly no testimony that the action of the livestock, under the circumstances, was anything other than normal. If the defendant's conduct was negligent and was a substantial factor in bringing about the situation, the normal action of livestock operating in conjunction with it is not a superseding cause of harm. See Restatement, Torts, §§ 441, 442, 443, pp. 1185, 1188, 1189. There was testimony that the defendant lifted the right rear wheels of the trailer 6 inches to 1 foot

off the ground on the high side when it was already leaning to the left; and that the entire unit slowly fell over within 10 minutes after this action at a time when the defendant's truck was still attached to the right rear side with tension applied. The jury could have found that this action was the proximate cause of the upset.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings in conformity with the opinion herein.

REVERSED AND REMANDED.