BENJAMIN L. DOUPNIK, JR., ET AL., APPELLANTS, V.
USHER PEST CONTROL CO., A CORPORATION, APPELLEE.
346 N.W.2d 699

Filed April 6, 1984. No. 83-069.

Stephen A. Scherr of Whelan, Foote & Scherr, P.C., for appellants.

Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the decision of the trial court in a law action wherein the jury was waived. The court, finding generally for the defendant, held that the plaintiffs were not entitled to recover for the breach of an alleged contract to provide termite inspection services.

Benjamin L. Doupnik, Jr., and Kay F. Doupnik, the appellants in this case, are husband and wife

who entered into a real estate contract for purchase of a residence in Clay Center, Nebraska. The appellants applied for a home mortgage loan at the Aurora office of the First Federal Savings and Loan Association of York, Nebraska. Included in the terms of the mortgage loan commitment was a condition that the termite inspection be made and substantiated by a written report. The termite inspection was made by the appellee, Usher Pest Control Co., and a report rendered to First Federal, the lender, indicating that the inspector discovered no evidence of termite activity or termite damage on the premises. At the closing of the real estate purchase, the appellants were presented a statement which reflected an item of $15 for the inspection, for which appellants were charged at the settlement. Shortly after the premises were occupied by the appellants, Mrs. Doupnik discovered evidence of termite damage at a baseboard in the living room of the home. Subsequent inspection by an entomologist from the University of Nebraska and another termite inspection company confirmed extensive termite damage throughout the house. Appellants commenced the action in the district court on the theory that appellants were third-party beneficiaries to a contract between Usher and First Federal Savings and Loan Association of York, Nebraska. At the conclusion of the trial the district court, in a general finding, held for the appellee and against the appellants. A number of errors are assigned in the brief; however, we find it unnecessary to discuss these assignments of error in view of our consideration and disposition of this case.

While the record is clear that the appellee, Usher Pest Control Co., a corporation, by its agent did in fact complete an inspection of the home and in its report indicated no evidence of termite activity or damage, it is also clear that approximately 3 months after the inspection, evidence of termite activity was manifested and discovered. Although the appellants

did present testimony that another pest control company might have conducted the inspection differently from that of Usher's, we have searched the record in vain for any evidence to suggest that the failure to discover the termite infestation, if such was present at the time the original inspection was made, was a breach of the agreement, i.e., that the appellee's inspector failed to exercise the skill and knowledge normally possessed by members of that trade in good standing in similar communities. Restatement (Second) of Torts § 299 A (1965). Since more than 3 months had elapsed between defendant's inspection and the discovery by plaintiffs of termite activity, there is not presented the situation where the termite activity was so obvious, on the date of appellee's inspection, that it would have been apparent to a person untrained in the trade. If the termite activity were latent, its discovery depends on the degree of the search made. The degree of the search necessary to comply with the contract must necessarily be determined by measuring the search as made by defendant's agent against the search which would have been made by members of defendant's trade in good standing in similar communities. There was no such evidence presented. The appellants and appellee's agent never met prior to the closing. There was no evidence that the agent represented to anyone that he or the appellee had any greater or less skill than the ordinary termite inspector. The rule of the Restatement has been applied in professional malpractice cases, and has also been applied to skilled trades. See, *Brown v. Kaar*, 178 Neb. 524, 134 N.W.2d 60 (1965) (tow-truck operator); *O'Connor v. Burns, Potter & Co.*, 151 Neb. 9, 36 N.W.2d 507 (1949) (stockbroker). There is no allegation that the contract required the appellee to discover the presence of termites or termite damage at its peril, and therefore the law implies only that the appellee would exercise the skill and knowledge

normally possessed by persons who practice the trade or profession.

It is elementary that appellants, plaintiffs below, had the obligation to offer proof of the contract and a breach of the contract, i.e., the failure of the appellee to exercise such skill and knowledge. Absent such proof, the appellants failed to make a prima facie case. The decision of the trial court dismissing the appellants' petition is correct, and the judgment of the court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurring.

I concur in the result reached by the majority because of the absence of any evidence in the record that would establish that Usher's inspection of the premises was negligent or that Usher failed to discover termites which were there at the time of inspection. I do not agree that there was any requirement that the petition allege that Usher's contract required it to discover the presence of termites or termite damage at its peril. It occurs to me that when one hires a termite inspector, it is implied that a termite inspector will find termites if they are present.