AGNES M. ROUBAL, BY AND THROUGH KATHLEEN A. HOLM, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, APPELLEE.

710 N.W.2d 359

Filed March 7, 2006.   No. A-05-875.

Thomas A. Gleason, of Pickens, Daubman, Green & Gleason, L.L.P., for appellant.

Jon Bruning, Attorney General, and Douglas D. Dexter for appellee.

IRWIN, SIEVERS, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2005), this case was ordered submitted without oral argument. Agnes M. Roubal, by and through Kathleen A. Holm, pursuant to her power of attorney, filed a petition for review in the district court for Douglas County pursuant to the Administrative Procedure Act, seeking review of a final decision of the Nebraska Department of Health and Human Services (the Department), which decision denied Roubal certain medical benefits. The district court dismissed Roubal's petition because it was not timely filed. We agree that Roubal did not file her petition in a timely manner. Because Roubal's petition was not timely, the district court did not have jurisdiction to consider the merits of her claim. Likewise, this court lacks jurisdiction to consider the merits of Roubal's appeal. Accordingly, we dismiss Roubal's appeal for lack of jurisdiction.

## BACKGROUND

The director of the Department signed an order on March 16, 2005, denying certain medical benefits to Roubal. The order was sent to Roubal's attorney by mail. The parties at trial, and in their appellate briefing, tried and argued the case as though the date of mailing was March 16; therefore, we use that date in our conclusions which follow. The parties do not dispute that the order was received by Roubal's attorney on March 21. Roubal filed a petition for review on April 20, seeking judicial review of the decision pursuant to Neb. Rev. Stat. § 84-917 (Reissue 1999). The Department filed a motion to dismiss pursuant to Neb. Ct.

R. of Pldg. in Civ. Actions 12(b)(1) (rev. 2003). At the hearing on the Department's motion, the Department argued that Roubal's petition was not timely in that it was not filed within 30 days after service of the final decision as required by statute. Roubal argued that her petition was timely because it was filed within 30 days of her attorney's receipt of the Department's final decision.

After examining the relevant statutory provisions, the district court concluded that the filing of Roubal's petition on April 20, 2005, was untimely. The court consequently entered an order on June 22 granting the Department's motion to dismiss. Roubal subsequently perfected her appeal to this court.

## ASSIGNMENT OF ERROR

Roubal asserts that the district court erred in determining that she did not file her petition for review in a timely manner.

## STANDARD OF REVIEW

The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003). When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Id.*

## ANALYSIS

We first examine § 84-917, which provides in relevant part:

(1) Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the Administrative Procedure Act. Nothing in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law.

(2)(a) Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken *within thirty days after the service of the final decision by the agency.*

(Emphasis supplied.) We also note that where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute. *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997); *McLaughlin v. Jefferson Cty. Bd. of Equal.*, 5 Neb. App. 781, 567 N.W.2d 794 (1997). The filing of the petition and the service of summons are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency under the Administrative Procedure Act. *Id.*

Relevant to our decision is Neb. Rev. Stat. § 25-534 (Reissue 1995), which provides:

Whenever in any action or proceeding, any order, motion, notice, or other document, except a summons, is required by statute or rule of the Supreme Court to be served upon or given to any party represented by an attorney whose appearance has been noted on the record, or is thus required to be served upon or given to the attorney for any party, such service or notice may be made upon or given to such attorney, unless service upon the party himself or herself is ordered by the court. Service upon such attorney or upon a party shall be made by delivering a copy to him or her or by mailing it to him or her.

Delivery of a copy shall mean handing it to the attorney or to the party; or leaving it at his or her office with his or her clerk or other person in charge thereof; or, if the office is closed or the person to be served has no office, leaving it at his or her dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

Every party appearing in an action without an attorney, and every attorney appearing in an action, shall designate on the record an address to which mail addressed to such party or attorney may be sent. Service by mail shall be by ordinary first-class mail addressed to such designated ad-dress, or if none is so designated, to the last-known address of such party or attorney. *Service by mail is complete upon mailing.*

Proof of service may be made by certificate of the attorney causing the service to be made. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him or her and the notice or paper is served upon him or her by mail, *three days shall be added to the prescribed period.*

(Emphasis supplied.)

Also relevant is Neb. Rev. Stat. § 25-2221 (Cum. Supp. 2004), which provides in relevant part that "[e]xcept as may be otherwise more specifically provided, the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run."

In addition to the above statutory provisions, the district court in this case relied on *Schwarz v. Platte Valley Exterminating*, 258 Neb. 841, 606 N.W.2d 85 (2000). In *Schwarz*, the issue was the calculation of the 30-day period for responding to requests for admissions under Neb. Ct. R. of Discovery 36 (rev. 1996). Rule 36, which has not been amended since *Schwarz*, provides in relevant part: "The matter is admitted unless, *within thirty days after service* of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ." (Emphasis supplied.) Neb. Ct. R. of Discovery 36 (rev. 2000). Regarding computation of the time period at issue in *Schwarz*, the Nebraska Supreme Court stated:

The record reflects that the requests for admission were served on September 12, 1997, and that the expiration of the 30-day period specified in rule 36, computed as required by Neb. Rev. Stat. § 25-2221 (Reissue 1995), expired on October 13. However, because service was by mail upon opposing counsel, an additional 3 days [are] added to the prescribed period pursuant to Neb. Rev. Stat. § 25-534 (Reissue 1995), so that the responses were due on October 16.

258 Neb. at 848, 606 N.W.2d at 91.

In the present case, the Department entered its final decision and served a copy of that decision by mail on Roubal's attorney on March 16, 2005. Roubal argues that service was not completed until March 21, when the order was received by her attorney. However, § 25-534 provides that service by mail is complete upon mailing. Thus, service was completed on March 16 and the 30-day period specified in § 84-917, computed as required by § 25-2221 (i.e., excluding the day of the act, event, or default), would have expired on April 15. Because service was by mail, however, an additional 3 days are added to the prescribed period pursuant to § 25-534. Thus, Roubal would have had until April 18 to file a petition for review, making her petition filed on April 20 untimely.

Because Roubal's petition for review was not timely, the district court did not have jurisdiction to consider the merits and properly dismissed Roubal's petition. Likewise, this court does not have jurisdiction to consider the merits of Roubal's appeal, which must be dismissed.

## CONCLUSION
The district court did not err in dismissing Roubal's petition for lack of jurisdiction.

APPEAL DISMISSED.