LYMAN-RICHEY CORPORATION, APPELLANT, V.
NEBRASKA DEPARTMENT OF REVENUE
ET AL., APPELLEES.
___ N.W.2d ___

Filed October 7, 2014.    No. A-13-269.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
2. **Taxation: Notice: Time.** Pursuant to the plain language of Neb. Rev. Stat. § 77-2709(7) (Cum. Supp. 2012), a person must file a petition for redetermination within 60 days after service of the notice, which service is complete at the time of mailing of the notice by the Nebraska Department of Revenue to the taxpayer.
3. **Pleadings.** Pleadings are the written statements by the parties of the facts constituting their respective claims and defenses.
4. **Ordinances: Presumptions: Proof.** In considering the validity of regulations, courts generally presume that legislative or rulemaking bodies, in enacting ordinances or rules, acted within their authority, and the burden rests on those who challenge their validity.
5. **Administrative Law.** Agency regulations that are properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Affirmed.

Nicholas K. Niemann and Matthew R. Ottemann, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and L. Jay Bartel for appellees.

INBODY, Chief Judge, and IRWIN and BISHOP, Judges.

INBODY, Chief Judge.
### INTRODUCTION
The question presented in this appeal is the legal issue of whether the 3-day mailing rule set forth in Neb. Ct. R. Pldg. § 6-1106(e) applies to extend the 60-day period for a taxpayer to file a petition for redetermination with the Nebraska Department of Revenue (the Department) pursuant to Neb. Rev. Stat. § 77-2709(7) (Cum. Supp. 2012). We conclude that it does not.

## STATEMENT OF FACTS

On April 16, 2012, the Department issued a "Notice of Deficiency Determination" claiming Nebraska sales and use taxes and waste reduction and recycling fees were owed by Lyman-Richey Corporation (Lyman-Richey) over a 3-year period and seeking $247,545.94 in taxes, interest, and penalties. This deficiency notice was sent to Lyman-Richey by certified mail on April 16 and was received by Lyman-Richey on April 17. Lyman-Richey mailed its petition for redetermination to the Department on Monday, June 18. The petition was received by the Department on June 19. On July 2, the Department issued its final determination denying Lyman-Richey's appeal on the sole ground that Lyman-Richey had failed to file its appeal within 60 days of the April 16 service of the deficiency notice as required by § 77-2709. Lyman-Richey filed a petition for review with the Lancaster County District Court, which affirmed the decision of the Department that Lyman-Richey's petition for redetermination was not timely filed with the Department. Lyman-Richey has timely appealed to this court.

## ASSIGNMENT OF ERROR

Lyman-Richey's assignments of error on appeal can be consolidated into the following issue: The district court erred in failing to add the 3-day filing extension of § 6-1106(e) to the time it had to file its petition for redetermination and thereby concluding that its petition for redetermination was not timely filed under § 77-2709(7).

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court. *Strasburg v. Union Pacific RR. Co.*, 286 Neb. 743, 839 N.W.2d 273 (2013).

## ANALYSIS

As we previously stated, at issue in this appeal is whether the 3-day mailing rule set forth in § 6-1106(e) applies to a petition for redetermination filed by a taxpayer with the Department pursuant to § 77-2709(7). Lyman-Richey contends

that § 6-1106(e) extended the date for it to file its petition for redetermination by 3 days, i.e., until June 18, 2012. Lyman-Richey further argues that the decision in *Roubal v. State*, 14 Neb. App. 554, 710 N.W.2d 359 (2006), requires application of the 3-day mailing rule to this case. Thus, Lyman-Richey argues that its petition for redetermination was timely filed on June 18. In contrast, the Department contends that § 6-1106(e) does not apply to deficiency notices mailed by the Department pursuant to § 77-2709(5) and that Lyman-Richey's petition for redetermination was not timely filed.

*Relevant Statutes—Nebraska*
*Revenue Act of 1967.*

The Department's mailing of the deficiency notice was performed pursuant to § 77-2709 of the Nebraska Revenue Act of 1967, which provides, in pertinent part:

> (5)(a) Promptly after making his or her determination, the Tax Commissioner shall give to the person written notice of his or her determination.
>
> (b) The notice may be served personally or by mail, and if by mail the notice shall be addressed to the person at his or her address as it appears in the records of the Tax Commissioner. In case of service by mail of any notice required by the Nebraska Revenue Act of 1967, the service is complete at the time of deposit in the United States post office.

[2] The procedure for challenging a notice of deficiency determination is set forth in § 77-2709(7), which provides:

> Any person against whom a determination is made under subsections (1) and (2) of this section or any person directly interested may petition for a redetermination within sixty days after service upon the person of notice thereof. For the purposes of this subsection, a person is directly interested in a deficiency determination when such deficiency could be collected from such person. If a petition for redetermination is not filed within the sixty-day period, the determination becomes final at the expiration of the period.

Thus, pursuant to the plain language of § 77-2709(7), a person must file a petition for redetermination within 60 days after service of the notice, which service is complete at the time of mailing of the notice by the Department to the taxpayer.

In the instant case, it is undisputed that the Department mailed the notice to Lyman-Richey on April 16, 2012, and that the April 16 date of mailing is also the date of service. The parties agree that 60 days after service on April 16 was June 15. Since Lyman-Richey's petition for redetermination was not filed until June 18, the petition for redetermination was not timely filed unless some other rule extended the time of filing.

*Nebraska Rules—Applicability of § 6-1106(e).*

The rule which Lyman-Richey seeks to apply to extend the 60-day time period for filing its petition for redetermination is § 6-1106(e), which provides:

> **Additional Time After Service by Mail, Electronic, or Certain Other Methods.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served under § 6-1105(b)(2)(B), (D), (E), or (F), three days shall be added to the prescribed period.

Neb. Ct. R. Pldg. § 6-1105(b)(2)(B) (rev. 2011) provides for service by first-class mail, which was the method that Lyman-Richey served the petition for redetermination upon the Department.

Although the parties do not cite to any Nebraska cases applying § 6-1106(e), and our independent research has like-wise failed to uncover any Nebraska cases applying this rule, we find guidance from case law interpreting the 3-day rule when it was previously codified at Neb. Rev. Stat. § 25-534 (Reissue 1995), prior to being transferred to the Nebraska Supreme Court Rules. Three cases interpreting § 25-534 are especially helpful in providing guidance as to when the 3-day rule is to be applied: Two cases determined that the 3-day rule

was applicable, *Schwarz v. Platte Valley Exterminating*, 258 Neb. 841, 606 N.W.2d 85 (2000), and *Roubal v. State*, 14 Neb. App. 554, 710 N.W.2d 359 (2006); and one case held that the 3-day rule was not applicable, *In re Estate of Lienemann*, 277 Neb. 286, 761 N.W.2d 560 (2009).

In *Schwarz v. Platte Valley Exterminating*, the Nebraska Supreme Court allowed 3 days to be added to the time to respond to interrogatories which had been served by mail where "rule 36" provided that "'[t]he matter is admitted unless, within thirty days *after service* of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .'" 258 Neb. at 847-48, 606 N.W.2d at 90 (emphasis supplied). Likewise, in *Roubal v. State*, in a discussion of the timeliness of a petition for review of the denial of certain medical benefits by the Nebraska Department of Health and Human Services filed pursuant to the Administrative Procedure Act, this court approved of the addition of 3 days due to service by mail based on statutory language providing for filing a petition "within 30 days *after service* of the final decision." 14 Neb. App. at 556, 710 N.W.2d at 361 (emphasis supplied). See Neb. Rev. Stat. § 84-917(2)(a) (Reissue 1999), (Cum. Supp. 2006), (Reissue 2008), and (Cum. Supp. 2012) (subsequent amendments to statute have not changed pertinent statutory language providing that proceedings for review must be instituted by filing petition in district court of county where action is taken within 30 days after service of final decision by agency).

In determining that the 3-day period was not applicable in *In re Estate of Lienemann, supra*, the Nebraska Supreme Court distinguished *Schwarz v. Platte Valley Exterminating, supra*, and *Roubal v. State, supra*. In *In re Estate of Lienemann, supra*, the Nebraska Supreme Court affirmed the dismissal of a petition for allowance of a probate claim that was filed outside of the 60-day period specified in the Nebraska Probate Code, specifically Neb. Rev. Stat. § 30-2488(a) (Reissue 2008), regarding the allowance of claims. In doing so, the court rejected an argument that an additional 3-day period for

mailing should be allowed pursuant to the 3-day rule as set forth in § 25-534. The court noted that the language regarding the allowance of claims contained in § 30-2488(a) provided that "a disallowed claim is 'barred' unless a petition for allowance is filed or a proceeding commenced 'not later than' 60 days after the mailing of notice of disallowance." *In re Estate of Lienemann*, 277 Neb. at 289, 761 N.W.2d at 563. Thus, the court found that the claimant must act within 60 days *after mailing* of the notice, that the plain language of the statute provided for finality 60 days after the mailing of a notice of disallowance after which the claim was barred, and that it was unwarranted and not sensible to add 3 days due to mailing to § 30-2488, which explicitly states an action is barred "sixty days after the mailing."

[3] Thus, in both *Schwarz v. Platte Valley Exterminating*, 258 Neb. 841, 606 N.W.2d 85 (2000), and *Roubal v. State*, 14 Neb. App. 554, 710 N.W.2d 359 (2006), 3 days was added to the performance of the act in question because the statutory period for acting was *after service*, whereas in *In re Estate of Lienemann*, 277 Neb. 286, 761 N.W.2d 560 (2009), where the 3-day period was determined not to be applicable, the statutory period for acting was *after mailing*. In the instant case, as in *Schwarz* and *Roubal*, the language contained in § 77-2709(7) provides that a petition for a redetermination of a tax deficiency determination must be made "within sixty days after service." Thus, it appears that if we are to apply the dictates of *Schwarz* and *Roubal*, the 3-day mailing rule set forth in § 6-1106(e) would apply to the petition for redetermination filed by Lyman-Richey. However, there is an important common element present in the analysis of the application of the 3-day rule in each of these cases that is missing in the instant case: In each of the three aforementioned cases, *In re Estate of Lienemann*, *Schwarz*, and *Roubal*, the pleadings at issue were part of a civil action. Pleadings are the written statements by the parties of the facts constituting their respective claims and defenses. See, *Sydow v. City of Grand Island*, 263 Neb. 389, 639 N.W.2d 913 (2002); *Russell v. Clarke*, 15 Neb. App. 221, 724 N.W.2d 840 (2006). The tax deficiency

notices mailed by the Department to a taxpayer pursuant to § 77-2709(5) contain the summary of tax assessments determined at the conclusion of an audit, but are not pleadings. Since deficiency notices mailed by the Department pursuant to § 77-2709(5) are not pleadings, the Nebraska Court Rules of Pleading in Civil Cases, including § 6-1106(e), do not apply to them, including the 3-day mailing rule.

*Nebraska Administrative Code.*

Further, even if the rules were applicable, Neb. Ct. R. Pldg. § 6-1101 also provides, in pertinent part: "These Rules govern pleading in civil actions filed on or after January 1, 2003. They apply to the extent not inconsistent with statutes governing such matters. These Rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

Although not a statute, a section of the Nebraska Administrative Code provides language inconsistent with application of the 3-day rule in the instant case. That section provides, in part: "The period fixed by statute within which to file a petition cannot be extended. If a petition is not filed within the statutory period, it will not be considered by the Tax Commissioner but will be returned to the petitioner by mail." See 316 Neb. Admin. Code, ch. 33, § 003.07 (2013).

[4,5] In considering the validity of regulations, courts generally presume that legislative or rulemaking bodies, in enacting ordinances or rules, acted within their authority, and the burden rests on those who challenge their validity. *Smalley v. Nebraska Dept. of Health & Human Servs.*, 283 Neb. 544, 811 N.W.2d 246 (2012). There is no such challenge in this case. Agency regulations that are properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law. *Smalley v. Nebraska Dept. of Health & Human Servs., supra.* Since agency regulations that are properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law, we conclude that the plain language of the code is applicable in this case and that Lyman-Richey's time to file the petition for redetermination could not be extended.

## CONCLUSION

Pursuant to the Department's rules, the time to file a petition for redetermination cannot be extended. We find that this rule is controlling and that as a result, the district court properly affirmed the decision of the Department that Lyman-Richey's petition for redetermination was not timely filed with the Department. An appellate court will affirm a lower court's ruling that reaches the correct result, although based on different reasoning. *Feloney v. Baye*, 283 Neb. 972, 815 N.W.2d 160 (2012). Thus, the decision of the district court is affirmed.

AFFIRMED.