GREG HENRIKSEN, APPELLEE, V. JIM GLEASON,
DOING BUSINESS AS JIM'S BODY SHOP, APPELLANT.

643 N.W.2d 652

Filed May 10, 2002.    No. S-00-1233.

John Morgan, of Morgan & Morgan, for appellant.

Steffi A. Swanson, P.C., L.L.O., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

In this breach of contract action, Jim Gleason, doing business as Jim's Body Shop (Gleason), appeals from a decision of the district court for Nance County affirming the decision of the county court for Nance County. The county court found Gleason "negligent" and awarded damages to Greg Henriksen. Gleason contends that because of a prior action between Gleason and Henriksen in Nance County Small Claims Court, the instant action is barred by the doctrine of res judicata.

## BACKGROUND

Henriksen is the sole proprietor of a construction business in Eagle, Nebraska. As part of his business, Henriksen constructs buildings for a business known as Battery Patrol and its franchises and also installs fascia panel systems on Battery Patrol's stores.

In the fall of 1998, Henriksen contracted to install fascia panel systems on two of Battery Patrol's stores: one located in Ames, Iowa, and the other in Des Moines, Iowa. Henriksen contacted Gleason about painting 22 panels, and Gleason agreed to paint the panels. Henriksen delivered the panels to Gleason in early November, as well as primer, cleaner, paint, and other materials needed to complete the task.

Sometime in mid-November, Gleason completed the 8 panels to be used for the Ames store. Henriksen notified Gleason that he would pick up the panels on a Friday. On that Friday, Gleason waited for Henriksen to arrive for some time after closing hours. When Henriksen did not appear, Gleason left the panels outside his shop to allow Henriksen to pick them up. Henriksen arrived the following morning, at which time he noticed that leaves were stuck to some of the panels, leaving an imprint on the panels. Henriksen loaded the panels on his trailer for transport, separating them with cardboard and cloth. As they loaded the panels, Gleason advised Henriksen that his method of transport was not appropriate. The painting had only been completed in the last 24 hours, and the paint had not had a sufficient amount of time to cure.

When unloading the panels in Ames, Henriksen noticed that the cardboard used as a divider between the panels had stuck to the paint. The effects of the cardboard and the leaves left the panels with indentations, a dull finish, and a "fish scale look." Henriksen incurred expenses of $632 to repair the damage caused by the leaves and the cardboard.

One week later, the remaining panels for the Des Moines store were completed. After the panels were installed, Henriksen noticed that some of the panels were discolored and varied in darkness. The manager of the Des Moines Battery Patrol store complained to Henriksen about the inconsistency, and the manager agreed to accept a 25-percent discount off Henriksen's total bid price of $12,420.

On January 20, 1999, Gleason filed a claim against Henriksen in the small claims court for Nance County. Gleason's claim alleged that on November 28, 1998, at "[p]laintiff's place of business, work was completed for the Defendant and payment was never received by the Plaintiff." Gleason sought damages in the amount of $867.70. Henriksen was properly served with notice of Gleason's claim. Henriksen failed to appear in the small claims court, and a default judgment was entered against Henriksen on March 19, 1999. Henriksen subsequently satisfied the judgment.

On June 7, 1999, Henriksen initiated the present action in Nance County Court. Henriksen alleged in his petition, inter alia, that the parties entered into a verbal agreement in which Gleason agreed to paint numerous panels for Henriksen. Henriksen further alleged that as a result of Gleason's "negligence" and failure to properly paint the panels, Henriksen suffered damages. A bench trial was held, and the county court entered its findings on March 14, 2000.

Regarding the panels for the Ames store, the county court found that Gleason was negligent in leaving the panels outside overnight and allowing the leaves to attach to the panels. The court also found that Henriksen was negligent in improperly transporting the panels. The court was unable to apportion damages to the parties' respective acts of negligence and therefore awarded no damages for those panels.

Regarding the panels for the Des Moines store, the county court found that Gleason was negligent in failing to match different batches of paint provided by Henriksen and also in applying the paint in an uneven manner. The court awarded damages to Henriksen in the amount of $3,486, the difference between Henriksen's bid price of $12,420 and the amount he was actually paid by Battery Patrol, $8,934.

The county court also overruled Gleason's motion to dismiss, finding that Henriksen's action was not barred by res judicata. Gleason had argued at trial that res judicata barred the action because of the prior action in small claims court.

After the county court entered its order in this action, Gleason appealed to the district court for Nance County. The district court affirmed the judgment of the county court. The court found that

Neb. Rev. Stat. § 25-814 (Reissue 1995) did not require Henriksen to plead a counterclaim in the small claims court and that Henriksen was not precluded from filing a subsequent action against Gleason based on any possible counterclaim. Gleason appealed from the district court's order, and we moved the case to our docket.

## ASSIGNMENTS OF ERROR

Gleason assigns six errors which can be consolidated into the following four: (1) The district court erred in finding that res judicata did not bar Henriksen's action, (2) the district court erred in affirming the county court's finding that Gleason was "negligent" in leaving the panels for the Ames store outside overnight and allowing the leaves to imprint on the panels, (3) the district court erred in affirming the county court's findings that Gleason was "negligent" in painting the panels for the Des Moines store, and (4) the district court erred in affirming the county court's finding that Henriksen offered sufficient proof of damages.

## STANDARD OF REVIEW

The applicability of the doctrines of collateral estoppel and res judicata is a question of law. *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742 (2001). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly erroneous. The appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Folgers Architects v. Kerns*, 262 Neb. 530, 633 N.W.2d 114 (2001); *Phipps v. Skyview Farms*, 259 Neb. 492, 610 N.W.2d 723 (2000).

## ANALYSIS

### RES JUDICATA AND COLLATERAL ESTOPPEL

We have previously recognized that collateral estoppel should not apply when a new determination of the issue is warranted by differences in the quality or extensiveness of the

procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them. *Flobert Industries v. Stuhr*, 216 Neb. 389, 343 N.W.2d 917 (1984), citing Restatement (Second) of Judgments § 28(3) (1982).

As the Restatement further explained:

> [T]here may be compelling reasons why preclusion should not apply. For example, the procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim.

Restatement, *supra*, comment *d.* at 279.

■ Small claims courts in Nebraska are governed by Neb. Rev. Stat. ch. 25, art. 28 (Reissue 1995, Cum. Supp. 2000 & Supp. 2001). Proceedings in small claims courts are conducted on a very informal basis, with a minimum of procedural requirements. *Harris v. Eberhardt*, 215 Neb. 240, 338 N.W.2d 53 (1983). For example, the jurisdiction of small claims court is currently limited to those cases where the amount in controversy does not exceed $2,400, § 25-2802(4); parties are not represented by counsel, § 25-2803; matters are tried without a jury, § 25-2805; few formal pleadings are required, § 25-2806; and the formal rules of evidence do not apply, *id.* The setting in small claims court affords parties the opportunity to obtain a prompt and just determination in an action involving small amounts while expending a minimum amount of resources. This setting is vastly different from the relatively more complex and time-consuming litigation that occurs in county or district courts. Given these procedural differences, we believe it is inappropriate to give any issue preclusive effect to any small claims court judgment in a later proceeding brought in county or district court. For that reason, the county court was not barred from litigating the issue of Gleason's performance under the contract.

## GLEASON'S "NEGLIGENCE"

■ In his second assignment of error, Gleason asserts that the district court erred in affirming the county court's finding that he was "negligent." The negligence consisted of Gleason's leaving the panels for the Ames store outside overnight and allowing the

leaves to imprint on the panels. However, the county court also found that Henriksen was "negligent" in transporting the panels. Being unable to apportion the respective acts of negligence by each party, the county court did not award damages for those panels. Thus, Gleason was not aggrieved by this portion of the county court's findings. Only a person aggrieved or injured by a judgment may take an appeal from it. *In re Interest of Alycia P.*, 258 Neb. 258, 603 N.W.2d 7 (1999). This assignment of error is without merit.

In his third assignment of error, Gleason argues that the district court erred in affirming the county court's finding that he was "negligent" in painting the panels for the Des Moines store. Henriksen's petition had alleged that the parties entered into a verbal agreement, but also alleged that Henriksen suffered damages because of Gleason's "negligence." The county court's order also referred to various acts of Gleason as acts of "negligence." Now on appeal, Gleason has repeatedly and inaccurately characterized the present action as a negligence action grounded in tort law.

Although the dividing line between breaches of contracts and torts is often dim and uncertain, it has been said that the character of an action as one in tort or on contract is determined by the nature of the grievance, not by the form of the pleadings, with consideration being given to the facts which constitute the cause of action. *L. J. Vontz Constr. Co. v. State*, 230 Neb. 377, 432 N.W.2d 7 (1988). To determine whether an action is based on a contract or a tort, a court must examine and construe a petition's essential and factual allegations by which the plaintiff requests relief, rather than the legal terminology utilized in the petition or the form of a pleading. *Id.*

Contract actions, which arise from a breach of a duty imposed on one by an agreement, protect a plaintiff's interest in or right to performance of another's promises, whereas tort actions, which arise from a breach of a duty imposed by law, protect a plaintiff's interest or right to be free from another's conduct which causes damage or loss to the plaintiff's person or property. *Id.*

No duty was imposed upon Gleason by law, but, rather, was imposed upon him by an agreement he made with Henriksen

whereby Gleason agreed to paint a number of panels for Henriksen. The nature of Henriksen's grievance by which he requests relief is clearly one based on a contract. Thus, we interpret the county court's decision as one finding that Gleason breached the contact, and we consider whether the county court erred in doing so.

In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Phipps v. Skyview Farms*, 259 Neb. 492, 610 N.W.2d 723 (2000). In order to prove a breach of a service contract, the plaintiff must show that the defendant failed to exercise the skill and knowledge normally possessed by members of that trade in good standing in similar communities. See, *Schwarz v. Platte Valley Exterminating*, 258 Neb. 841, 606 N.W.2d 85 (2000); *Doupnik v. Usher Pest Control Co.*, 217 Neb. 1, 346 N.W.2d 699 (1984).

Henriksen offered the testimony of his brother Brian Henriksen, an employee at a paint store whose job duties included mixing paint. Brian had 15 years of experience in painting cars and motorcycles. Brian testified regarding the recommended procedures to paint panels such as the ones Gleason painted. He testified as to the recommended mill thickness of paint, the method of measuring the thickness on panels such as these, and the recommended drying time and environment for each coat of paint. Brian further testified that the discoloration of the panels for the Des Moines store could have been caused by incomplete coverage or inconsistencies in the method of spraying the paint.

In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly erroneous. The appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

Given Brian's testimony, we agree with the district court and conclude that the county court was not clearly erroneous in entering judgment for Henriksen. This assignment of error is without merit.

PROOF OF DAMAGES

■ Gleason also assigns that the district court erred in awarding Henriksen damages because there was not sufficient proof to allow such an award. However, Gleason fails to argue this assignment of error in his brief. A claimed prejudicial error must not only be assigned, but must also be discussed in the brief of the asserting party, and an appellate court will not consider assignments of error which are not discussed in the brief. *Kirchner v. Wilson*, 262 Neb. 607, 634 N.W.2d 760 (2001).

CONCLUSION

We conclude that given the differences in the procedures followed by small claims courts and county courts, no issue preclusive effect should be given to the small claims court's judgment in Gleason's favor. The district court did not err in finding that the county court could litigate the issue of Gleason's performance under the contract. For the reasons stated above, Gleason's remaining assignments of error are likewise without merit. Accordingly, we affirm.

AFFIRMED.