SACK LUMBER COMPANY, A NEBRASKA CORPORATION, APPELLANT, v. FRANCES E. GOOSIC, APPELLEE.

732 N.W.2d 690

Filed May 8, 2007. No. A-05-621.

Bradley T. Kalkwarf, of Kalkwarf & Smith, for appellant.

Douglas D. DeLair, of DeLair & DeLair, for appellee.

SIEVERS and CASSEL, Judges, and HANNON, Judge, Retired.

CASSEL, Judge.

## INTRODUCTION

Sack Lumber Company (Sack Lumber) appeals from the judgment of the district court for Saline County, Nebraska, after a bench trial, dismissing Sack Lumber's petition against Frances E. Goosic based upon a promissory note which she signed. We conclude that (1) one who receives only an indirect benefit from a value of a transaction is not disqualified from treatment as an accommodation party and (2) the district court was not clearly wrong when it accorded Frances the status of an accommodation party. We therefore affirm.

## BACKGROUND

Donald D. Goosic, Frances' husband, was engaged in business as a building contractor, and under the name of Homestead Builders, Donald maintained an open account with Sack Lumber. Frances' name was not on the account. Donald obtained building materials from Sack Lumber to construct a house on "spec," i.e., without a prearranged purchaser. Donald charged the materials using the Homestead Builders account. Later, Donald "got behind in his payments." In order to sell the house and to induce Sack Lumber to execute a construction lien waiver, on December 30, 1994, Donald and Frances signed a promissory note to Sack Lumber for $43,000, the outstanding balance on the Homestead Builders account. Although Frances had never applied for an account with Sack Lumber, after the signing of the note, Sack Lumber's office manager opened a new account in the names of both Donald and Frances. This account was not a revolving or

open account, but was used merely to account on the books of Sack Lumber for the promissory note.

By its terms, the note was due on October 17, 1995. Donald made payments on the note from October 1995 to October 2000. In approximately March 2001, Donald filed a bankruptcy action. Frances was not listed as a party to Donald's bankruptcy action. Sack Lumber received notice of Donald's bankruptcy. Although the date of Donald's death does not appear in the record, the parties stipulated that Donald is deceased.

In May 2002, Sack Lumber sued Frances, seeking a monetary judgment for the principal and interest due on the promissory note. On January 18, 2005, the matter was tried to the district court without a jury. On April 18, the district court entered its judgment, setting forth extensive findings of fact and legal analysis. We limit our summary to the issue pertinent to this appeal. In that regard, the district court concluded that Frances was an accommodation party and was not liable as a joint maker of the note. The court dismissed Sack Lumber's petition with prejudice. Sack Lumber timely appeals.

## ASSIGNMENT OF ERROR

Sack Lumber assigns only that the district court erred in determining that Frances was an accommodation party on the promissory note.

## STANDARD OF REVIEW

In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly erroneous. The appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002).

On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS

At oral argument, counsel for both parties agreed that the determination whether Frances is an accommodation party is

dispositive: If she is, the statute of limitations bars Sack Lumber's claim; if not, Donald's payments on the note tolled the statute and Frances is liable on the instrument. We begin by quoting the statute defining an accommodation party.

■ Neb. U.C.C. § 3-419(a) (Reissue 2001) provides:

> If an instrument is issued for value given for the benefit of a party to the instrument ("accommodated party") and another party to the instrument ("accommodation party") signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation".

An accommodation party is a surety and, by lending its name to the maker of a note, in a sense, guarantees that in the event of default by the principal obligor, the accommodation party will be liable. *Marvin E. Jewell & Co. v. Thomas*, 231 Neb. 1, 434 N.W.2d 532 (1989). The intent of the parties is determinative of whether a party is an accommodation maker or the principal obligor of an instrument. *Id.* Whether a person is an accommodation party is a question of fact. *In re Heritage Organization, L.L.C.*, 354 B.R. 407 (N.D. Tex. 2006); § 3-419, comment 3.

Sack Lumber first argues that the district court used the wrong standard to determine whether Frances was an accommodation party, in that the court considered only whether she directly benefited, and not whether she indirectly benefited, by signing the promissory note. Sack Lumber relies upon language from old cases, such as *First Trust Co. v. Anderson*, 135 Neb. 397, 281 N.W. 796 (1938), which stated that one who is to be an accommodation maker of a promissory note must not receive any benefit or consideration directly or indirectly by way of the transaction of which the note was a part and that the transaction must be one primarily for the benefit of the payee. Sack Lumber's reliance on that language is misplaced in light of a subsequent statutory amendment.

■ In the initial codification of Nebraska's Uniform Commercial Code, the code provision governing an accommodation party did not modify or affect the precode law on this point. See Neb. U.C.C. § 3-415 (Reissue 1964). However, as a result of the 1991 amendments to the Uniform Commercial

Code, providing the definitions of § 3-419(a), quoted above, a person receiving only an indirect benefit from a transaction can qualify as an accommodation party. Comment 1 to § 3-419 recognizes that § 3-419(a) distinguishes between direct and indirect benefits.

It will be presumed that the Legislature, in adopting an amendment, intended to make some change in the existing law and that the courts will endeavor to give some effect thereto. *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994). To the extent that the old cases cited by Sack Lumber conflict with the current statute, they are no longer controlling. We now turn to Sack Lumber's principal argument that Frances does not qualify as an accommodation party. Although Sack Lumber argues, in part, that Frances indirectly benefited from the transaction, in light of the controlling legal standard, we disregard that part of its argument.

Sack Lumber mainly contends that Frances does not qualify as an accommodation party because she directly benefited from the transaction. Sack Lumber relies heavily on Frances' statement referring to Homestead Builders as "*our* construction company," which she immediately corrected to "*the* construction company." (Emphasis supplied.) She testified that the use of the word "our" was a slip of the tongue. Frances also testified that she did not think there was any income from Homestead Builders, that she was the one "holding the family together," and that she was "paying the bills out of [her] income." While she admitted that Donald probably had contributed some income to the family over "all these years," she also testified that Donald "made more debt than he made . . . money." Donald and Frances' joint income tax returns for 1999 through 2001 were received into evidence. In each instance, the return shows a loss relating to business income reportable on schedule C.

The district court concluded that Homestead Builders was solely Donald's business, that Donald alone filed for bankruptcy, that Frances did not review the tax returns prepared by Donald, and that even though Frances was a grantor on the deed conveying the "spec" house, Frances had her own job and never used the checking account of Homestead Builders. In rendering judgment as the finder of fact, the trial court resolves credibility

issues and weighs the evidence in the same manner as a jury, and its factual findings have the same effect as a jury verdict. *Hill v. City of Lincoln*, 249 Neb. 88, 541 N.W.2d 655 (1996). Sack Lumber's argument merely invites us to reweigh issues of credibility, which we decline to do.

## CONCLUSION

Under current commercial law, one can be an accommodation party where one receives only an indirect benefit of the value given for an instrument. Because competent evidence exists in the record to support the district court's factual finding that Frances was not a direct beneficiary of the value given by Sack Lumber for the instrument, the district court's determination that Frances was an accommodation party was not clearly erroneous. Accordingly, we affirm the judgment of the district court.

AFFIRMED.