IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BOHATY V. KOBZA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

WALTER D. BOHATY, APPELLANT,

V.

GREG KOBZA, APPELLEE.

Filed January 4, 2022.    No. A-20-863.

Appeal from the District Court for Butler County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Jacqueline M. Tessendorf and Ryan G. Tessendorf, of Tessendorf & Tessendorf, P.C., for appellant.

Clark J. Grant, of Grant & Grant, for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Walter D. Bohaty brought a breach of contract claim against Greg Kobza involving the sale and installation of a center pivot irrigation system on Bohaty's farm. After a bench trial, the district court for Butler County found in favor of Kobza and against Bohaty. Bohaty appeals from the district court's decision. On appeal, Bohaty argues the district court erred in determining that the irrigation system was delivered and installed in conformity with the contract. Bohaty additionally argues that the district court erred in not awarding a judgment of rescission. For the reasons set forth below, we affirm.

- 1 -

BACKGROUND

On November 22, 2016, Bohaty filed a complaint alleging that Kobza breached an oral contract entered in 2013 with respect to his purchase of an irrigation system from Kobza. Bohaty alleged that he and Kobza agreed that Kobza would sell and install on Bohaty's property a six-tower center pivot irrigation system that was less than 10 years old and would cost no more than $36,000. However, Bohaty alleged that Kobza breached the contract when Kobza charged Bohaty $55,175 for a "wrecked, salvaged" irrigation system he had installed that was more than 10 years old. Bohaty further alleged that the gear boxes for the irrigation system were not in good working order which cost Bohaty $7,814.76 to repair. Bohaty requested an award in the amount of $62,989.76 and for such other and further relief as the court may deem just and equitable. Although Bohaty did not specifically request rescission of the contract in his complaint, at trial the district court received evidence with respect to rescission of the contract based on Bohaty's prayer for "such other relief as the Court may deem just and equitable." We note that the complaint contained a second cause of action based on breach of warranty for a particular purpose. Bohaty does not assign error to the court's denial of this claim.

A bench trial was held on August 7, 2020. At the trial, both Bohaty and Kobza testified. Jesse Jareske testified by way of a trial deposition which the parties agreed could be received subject to the evidentiary objections made therein.

Bohaty testified that he has farmed and operated center pivot irrigation systems since 1970. He explained that, in his experience, a center pivot irrigation system is easier to use and maintain compared to other irrigation systems. He also explained that a center pivot irrigation system works by having an arm of the pivot swing around so that it makes a full circle to irrigate. Bohaty testified that he is familiar with the maintenance of such a system, such as checking the gear boxes to confirm the oil level and checking the tires to ensure that they have proper pressure.

Bohaty testified that he met Kobza at Kobza's farm in July 2013 and asked Kobza if he could find a "real good Zimmatic pivot that was under ten years old that would be in real good shape." Bohaty testified that Kobza informed him that he would look for one. In August, Bohaty again met with Kobza and, according to Bohaty, Kobza stated that he found the pivot irrigation system that Bohaty was looking for. Bohaty testified that Kobza informed him that the price for this irrigation system would be $6,000 per tower. Bohaty conceded on cross-examination that he did not discuss the age of the irrigation system during this second conversation. Bohaty's testimony gives no indication that he saw the irrigation system prior to installation.

According to Bohaty, Kobza began delivering and installing the irrigation system in November 2013. In January 2014, Bohaty received an invoice from Kobza for the purchase and installation of the pivot irrigation system which totaled $55,175. This amount included charges of $6,200 for each of the six towers, $4,500 for the base, $350 for cement, and a charge for labor/installation in the amount of $13,125. According to Bohaty, at the time the invoice was received, the irrigation system was only approximately half built. On January 22, 2014, Bohaty's wife wrote a check to pay the full amount of the invoice. Bohaty testified that he did not discuss paying for the irrigation system with his wife because she pays the bills that arise in their household. Bohaty explained that he did not personally notice how much he was charged for the irrigation system until approximately 1 month later, in late February 2014.

In February 2014, Bohaty observed that the irrigation system did not appear to be in as good of condition as it should be based on its age. He testified that the irrigation system did not have the actual sprinklers installed until the end of May. Bohaty testified that although the irrigation system was operational in July when the irrigation season had begun, there were still issues that necessitated repairs. According to Bohaty, the center drive and some safety switches needed to be replaced and the end gun needed to be repaired. Bohaty also testified that he used the irrigation system for one crop season before determining that he needed to replace the gear boxes because they were leaking oil. Bohaty conceded that the irrigation system worked after the repairs were made. As of the time for trial he had used the pivot system for six full growing seasons and part of a seventh without any loss of crop.

Bohaty testified that in May 2014, he complained to Kobza that he was not happy with the irrigation system and requested Kobza to take the irrigation system back. Bohaty testified that Kobza informed Bohaty that he knew Bohaty was not happy with the pivot system and he agreed to take the irrigation system back. However, Bohaty explained that soon after, Kobza changed his mind and told Bohaty that he considered the pivot sold. In December, Bohaty hired counsel who sent a letter demanding that Kobza take the irrigation system back and refund Bohaty's money. Bohaty continued to use the irrigation system despite his dissatisfaction because, according to Bohaty, he would have lost too much of his crop if he did not irrigate his land. He testified that, based on his own research, the irrigation system was approximately 25 years old.

Kobza's testimony contradicted Bohaty's testimony in all relevant aspects. Kobza testified that Bohaty first discussed purchasing an irrigation system from Kobza in April 2013. At the time of this conversation, Kobza had an irrigation system that was disassembled and stacked on a pallet on his father's farm. According to Kobza, he continued to have discussions with Bohaty about the irrigation system over the next few months. Kobza noted that Bohaty was grazing some of his cattle on the property where the pivot system was located and had many opportunities to inspect it while he was on the property watering his cattle. Kobza testified that he purchased the pivot from an individual in Geneva and that it had been damaged by high winds or a tornado. He originally intended to erect the pivot system on his own land until Bohaty expressed interest in buying it. In July and August 2013, Bohaty confirmed to Kobza that he wanted the irrigation system that was located on Kobza's father's farm. During his testimony, Kobza emphasized that Bohaty was "fully aware" that Kobza was going to use the same irrigation system for his own farm but that Bohaty wanted this same irrigation system. Kobza denied that he ever had conversations with Bohaty about the irrigation system needing to be less than 10 years old. He also denied that he ever told Bohaty that he would "find" Bohaty a different pivot system. According to Kobza, the sale price of the system would be $6,200 per tower for six towers plus the cost of a base, cement, and labor for installation.

Kobza explained that he began delivering the irrigation system in September 2013 and that he completed installation by January 2014. He testified that in January, Bohaty hand-delivered a check for full payment of the purchase price and installation fees associated with the pivot system. He also explained that part of the agreement was that he would in essence provide a 1-year warranty on the pivot. He performed a number of tasks at Bohaty's request. Bohaty wanted different sprinklers than what were on the pivot. In response, Kobza placed new sprinklers which met Bohaty's specifications without charge to Bohaty. Kobza continued to complete repairs for

the irrigation system during the 2014 growing season including replacing the center drive, filling the gear boxes with oil, and other repairs. Kobza presented invoices for approximately $7,200 worth of items he purchased for installation or repair of the pivot during 2014. Kobza testified that by the fall of 2014, Bohaty was "harassing" him to take the irrigation system back. However, he denied that there were major issues that prevented the irrigation system from being functional or working correctly. At that point, Kobza believed that he had fully performed all of his obligations under the agreement.

Jareske has been in the business of repairing and selling irrigation systems since 2000. He estimated that the age of the irrigation system was between 20 to 30 years old. He based this opinion on the bolts that were installed with the irrigation system. He also opined that a similar irrigation system that was brand new would sell for $53,236. After observing the irrigation system in 2016, he estimated the trade-in value of the irrigation system to be approximately $8,000.

In a written order entered November 6, 2020, the district court determined that it was undisputed that Bohaty and Kobza had agreed to enter a contract wherein Bohaty would purchase a used six tower center pivot irrigation system and Kobza would deliver and construct the system on Bohaty's property. The district court first determined that the contract did not fail for lack of a definite agreement as to price. The court found that the actions of the parties was the best evidence as to what the agreement actually was, that the invoice was for $6,200 per tower and that Kobza's recollection of the check paying the full invoiced price being hand-delivered is supported by the date on the check and the date the check was negotiated at the bank. The court further noted that Bohaty made no claim in his complaint that the contract was void based on a lack of a meeting of the minds as to price.

The district court determined that there was conflicting testimony and no agreement about whether the pivot irrigation system purchased was required to be less than 10 years old. However, the district court ultimately concluded that the age of the pivot irrigation system was not a material term of the contract. Although the district court determined that the age of the irrigation system was never agreed to, it explained that the failure to agree on the age of the irrigation system was not vital to the existence of a contract and as such, was not a material term. The district court found that there was not a breach of contract with respect to the age of the irrigation system.

The district court also determined that there was not a breach of contract with respect to whether the irrigation system was in working order. The court recounted the evidence regarding the repairs to the irrigation system but determined that these issues were not enough to show that it was in nonworking order. Moreover, the court highlighted the fact that Bohaty acknowledged that he had now used the irrigation system during the course of seven crop seasons and had never suffered a loss of crops. Finally, because the district court found that there was not a breach of the contract by Kobza, it also determined that a judgment of rescission would not be appropriate.

Bohaty now appeals to this court.

## ASSIGNMENTS OF ERROR

Consolidated, renumbered, and restated, Bohaty assigns and argues that the district court erred when it determined that Kobza delivered an irrigation system that was in conformity with the contract. Bohaty assigns and argues that the district court also erred in determining that the age

of the irrigation system was not a material term of the contract. Bohaty additionally argues that the district court erred in failing to award Bohaty a judgment of rescision of the contract.

## STANDARD OF REVIEW

A suit for damages arising from breach of contract presents an action at law. *Phipps v. Skyview Farms*, 259 Neb. 492, 610 N.W.2d 723 (2000). In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly erroneous. *Id.* The appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.*

## ANALYSIS

*Conforming Goods.*

Bohaty asserts that the district court erred in determining that Kobza did not breach the contract. Bohaty argues that the pivot irrigation system was not in conformity with the contract because it was more than 10 years old and because it was not in working order when installed. We address these arguments, in turn.

Article 2 of the Nebraska Uniform Commercial Code applies to transactions for goods, even if some installation is required. *Design Data Corp. v. Maryland Cas. Co.*, 243 Neb. 945, 503 N.W.2d 552 (1993). Under Article 2, a contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of a contract. Neb. U.C.C. § 2-204(1) (Reissue 2020). Goods are conforming or conform to the contract when they are in accordance with the obligations under the contract. Neb. U.C.C. § 2-106(2) (Reissue 2020). Determination of whether there has been conformity of goods as required under the Uniform Commercial Code is a question of fact. *Richardson v. Mast*, 252 Neb. 114, 560 N.W.2d 488 (1997).

In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002). A breach is a nonperformance of a duty. *Phipps v. Skyview Farms, supra*. The meaning of a contract ordinarily is a question of law; however, when the terms of an oral contract are in conflict, the fact finder must determine what the terms are or were. *Gerdes v. Klindt*, 253 Neb. 260, 570 N.W.2d 336 (1997).

The parties do not dispute that there was an oral contract formed in which Kobza would deliver and install an irrigation system on Bohaty's property. In support of his argument that a term of the contract was that the irrigation system would be less than 10 years old, Bohaty cites to his own testimony that he initially requested Kobza to find an irrigation system that was less than 10 years old. However, Kobza provided contradictory testimony essentially denying that the age of the pivot was ever discussed. Kobza testified that Bohaty requested the irrigation system that was stored on Kobza's father's farm. According to Kobza, he never told Bohaty that he would locate an irrigation system that was less than 10 years old. On cross-examination, Bohaty conceded that in the last conversation he recalled with Kobza in August 2013, he did not inquire as to the

age of the irrigation system nor was it specified that the irrigation system needed to be less than 10 years old.

We find no clear error in the district court's determination that the age of the irrigation system was not an agreed upon term or obligation of the contract and that, therefore, there was no material breach of the contract based on the pivot's age. The parties presented conflicting testimony as to whether Kobza promised to deliver a pivot system that was less than 10 years old. The district court clearly believed the testimony of Kobza that the parties did not agree that a term of the contract was that it must be less than 10 years old. There was also undisputed testimony that upon learning that Kobza found an appropriate irrigation system, Bohaty did not inquire as to the age of that system. Because there was conflicting evidence as to the terms of the contract, it was up to the district court to determine what the terms of the contract were. Accordingly, based upon the record before us and the deference we must give to the district court's ability to see and hear the testimony presented at trial, we cannot find that the district court's finding was clearly erroneous.

Bohaty focuses the rest of his argument as to Kobza's alleged breach of the contract on his assertions that the irrigation system provided to him was not in conformity with the contract because the irrigation system was wrecked, salvaged, and not in good working order when it was delivered. Bohaty presented evidence that he had to make repairs on the newly installed irrigation system. Specifically, he testified the gear boxes were leaking oil resulting in their ultimate replacement in 2015. He also testified that the irrigation system would not move and that the center drive had to be replaced. In addition, Bohaty testified that the requested sprinkler heads were not installed on the irrigation system until June 2014.

Kobza testified that he repaired or replaced every part of the irrigation system which failed during the first year after installation, which most notably included a replacement of the center drive. Bohaty acknowledged that he did not pay for any repairs during the 2014 growing season. Kobza also presented evidence that the gear boxes were in working order during that year. Kobza testified that he installed a different type of sprinkler head at his own expense based on Bohaty's request, not based on a need for new sprinklers. Additionally, Kobza specifically testified that the irrigation system was functional when it was installed. Bohaty conceded that despite the need to make repairs, he used the irrigation system for the first crop season after its installation and has continued using it thereafter without any loss of crops. Bohaty testified to having the gear boxes replaced at his own expense in 2015, but provided no testimony as to the need for subsequent repairs.

We find no clear error in the district court's determination that the irrigation system was in working order when it was delivered to Bohaty. Although there was testimony and evidence with respect to certain repairs that needed to occur for the irrigation system, there was additional evidence that these repairs were made by Kobza and that the irrigation system functioned properly such that Bohaty's crops were unaffected by any breakdowns. The district court, as the sole judge of the credibility of the witnesses and the weight to be given to their testimony, determined that the irrigation system was in working order when it was delivered and installed. See *Equestrian Ridge v. Equestrian Ridge Estates II*, 308 Neb. 128, 953 N.W.2d 16 (2021). Accordingly, we do not find that the district court's determination was clearly erroneous.

Because the age of the irrigation system was not a term of the contract and the district court did not clearly err in its determination that the irrigation system was in working condition when it was installed on Bohaty's farm, there is no clear error in the district court's determination that the irrigation system conformed to the contract.

*Material Breach of Contract and Rescission.*

Bohaty argues that the district court erred in determining that the age of the irrigation system was not a material term of the contract. Bohaty's argument, in this regard, is made to support his argument that the district court erred in not awarding him a judgment of rescission.

Rescission of a contract means to abrogate, annul, avoid, or cancel a contract; particularly nullifying a contract by the act of a party. *TNT Cattle Co. v. Fife*, 304 Neb. 890, 937 N.W.2d 811 (2020). A rescission amounts to the unmaking of a contract. *Id.* Rescission is appropriate by a breach of contract that is so substantial and fundamental as to defeat the object of the parties in making the agreement. *Eliker v. Chief Indus.*, 243 Neb. 275, 498 N.W.2d 564 (1993). We have already agreed with the district court that the age of the irrigation system was not a term of the contract and that the pivot irrigation system delivered conformed to the agreement of the parties. As such, we also agree that there was no breach of the contract. Therefore, no basis for rescission exists. Accordingly, we find this assignment of error to be without merit.

## CONCLUSION

Based on the foregoing, we conclude that the district court did not err in determining that Kobza did not breach the contract because the irrigation system provided to Bohaty was in conformity with the terms of the parties' oral contract. Accordingly, the district court's order is affirmed.

AFFIRMED.