IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


NOVACEK V. MATTHEWSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


JODY L. NOVACEK, APPELLANT,

V.

BRIAN L. MATTHEWSON, APPELLEE.


Filed January 24, 2023.    No. A-22-173.


Appeal from the District Court for Lincoln County: DONALD E. ROWLANDS and MICHAEL E. PICCOLO, Judges. Affirmed.

Jody Novacek, pro se.

Bradley D. Holbrook and Jayme M. Krejci, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellee.


PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Jody L. Novacek, acting pro se, appeals from the Lincoln County District Court's order dismissing her amended complaint against Brian Matthewson for breach of an alleged written agreement to dissolve their common law marriage. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

In December 2015, Novacek filed a complaint in the Lincoln County District Court, which she later amended, relating to an October 2015 written agreement purporting to "dissolve" the parties' common-law marriage and divide the parties' assets. The amended complaint alleged four separate claims. Novacek's first claim alleged that Matthewson had breached the parties' agreement "by removing personal property from the residence, withdrawing money from the

- 1 -

parties' real estate account, changing locks on rental property, and refusing to allow [Novacek] to perform the terms of the agreement." Novacek's second claim alleged that Matthewson had denied the validity of the parties' agreement and requested a declaratory judgment determining that the parties' agreement "is valid and binding" and ordering Matthewson "to perform the terms thereunder." Novacek's third claim alleged that from approximately 2006 until October 2015, Novacek and Matthewson "resided together and operated a business as a partnership," that the partnership was dissolved by agreement in October 2015, and that the partnership should be wound up in accordance with Nebraska statutes. Fourth, Novacek alleged that certain real property was purchased with partnership funds and was titled in Matthewson's name and that Matthewson "acquired legal title by actual or constructive fraud, misrepresentation, or abuse of an influential or confidential relationship." Novacek asserted that Matthewson's "retention of the property is wrongful and [Matthewson] would be unjustly enriched if permitted to retain the property" and requested imposition of a constructive trust on the real properties for Novacek's benefit.

Matthewson filed an answer and counterclaim wherein he denied signing the October 2015 agreement and requested declaratory judgment as to the validity and enforceability of that agreement. Matthewson also alleged that Novacek's first, third, and fourth claims failed to state facts sufficient to constitute a cause of action, failed to state claims upon which relief could be granted, and that those claims were barred by the statute of limitations.

A bifurcated trial was held over two days in February 2017 and December 2021. The February 2017 trial governed Novacek's first two claims under the marital dissolution agreement, and the December 2021 trial governed her third and fourth claims to a partnership. Testimony was adduced from Novacek; Matthewson; Kathy Carlson, a certified forensic document examiner; and Charles Eggleston, a board-certified forensic document examiner.

Following the February 2017 trial, the district court issued an order dated March 3, 2017, and dismissed claims one and two of the amended petition, finding that Matthewson did not sign the agreement and that Novacek "attempted to pressure [Matthewson] into signing [the agreement] by threatening to divulge sensitive sexual information about [Matthewson] and about his advertising on Craig's List [sic]."

Following the December 2021 trial, the district court entered an order dated February 14, 2022, which dismissed claims three and four of Novacek's amended petition, found that there was "no objective evidence of the existence of a partnership" between Novacek and Matthewson and, because no partnership existed, there was no business to be wound up. Further, the court found that Novacek failed to prove by clear and convincing evidence that the real property at issue was obtained through fraud, misrepresentation, or abuse of an influential or confidential relationship.

On March 15, 2022, Novacek appealed from the district court's final order but assigned errors only in connection with the order dated March 3, 2017. Accordingly, this opinion will be limited to the assignments of error associated with the district court's dismissal of claims one and two in the order that followed the February 2017 trial.

ASSIGNMENTS OF ERROR

Novacek assigns as error, restated, that the district court erred in (1) allowing Matthewson to subpoena and call Eggleston as a witness at trial because Eggleston had been retained as a consultant for Novacek and his testimony was privileged work product, (2) overlooking factual

evidence presented at trial showing that Matthewson perjured himself regarding whether he signed the agreement, and (3) rejecting the opinion of Novacek's expert witness who opined that Matthewson had signed the agreement.

## STANDARD OF REVIEW

Suit for damages arising from breach of contract presents an action at law. *Phipps v. Skyview Farms*, 259 Neb. 492, 610 N.W.2d 723 (2000).

The trial court's factual findings in a bench trial of an action at law have the effect of a jury verdict and will not be set aside unless clearly erroneous. *McGill Restoration v. Lion Place Condo. Assn.*, 309 Neb. 202, 959 N.W.2d 251 (2021). In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.*

An action for declaratory judgment is sui generis, and whether such action is to be treated as one at law or one in equity is to be determined by the nature of the dispute. *TNT Cattle Co. v. Fife*, 304 Neb. 890, 937 N.W.2d 811 (2020). In appellate review of an action for a declaratory judgment in a law action, factual findings by the trier of fact will not be set aside unless they are clearly erroneous. *Id.*

An appellate court reviews de novo whether the trial court applied the correct legal standards for admitting an expert's testimony, but a trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion. *McGill Restoration v. Lion Place Condo. Assn., supra*. Stated another way, an appellate court reviews de novo whether the trial court applied the correct legal standards for admitting an expert's testimony, and reviews for abuse of discretion how the trial court applied the appropriate standards in deciding whether to admit or exclude an expert's testimony. *Id.*

When reviewing applicability of attorney-client privilege and/or work product doctrine, an appellate court reaches conclusion independent of lower court's ruling. Neb. Rev. Stat. § 27-503 (Reissue 2016); Discovery Rule 26(b)(3). *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997).

## ANALYSIS

### EGGLESTON TESTIMONY

In connection with the February 2017 trial, Matthewson subpoenaed Eggleston to testify at trial. Novacek filed a motion to quash that subpoena arguing that Eggleston was employed by her as a consulting expert not expected to be called to testify at trial, that Matthewson had obtained Eggleston's report improperly or inadvertently, and that Matthewson should be precluded from calling Eggleston to testify. Following a hearing on the motion, the district court overruled the motion finding that:

> [Counsel for Novacek] employed . . . Eggleston as an expert who was not expected to testify at trial. Pursuant to Nebraska Court Rule of Civil Discovery §6-326(b)(4)(B), [Counsel for Matthewson] was allowed to discover the opinions of . . . Eggleston only upon a showing of exceptional circumstances under which it was impractical for [Matthewson] to obtain facts or opinions on the same subject by other means. However, the report of . . .

Eggleston was obtained by [Matthewson] after a copy was left on the back seat of his 2015 Nissan. Presumably the report was left there by [Novacek]. [Novacek] has therefore waived confidentiality and [Counsel for Matthewson] may subpoena Eggleston and require him to testify and produce his report at trial.

Novacek assigns and argues that the district court erred in overruling her motion to quash and her objection to Eggleston's trial testimony. She argues that Eggleston's report constituted either attorney-client privileged information or information subject to the work product doctrine and that the court's decision to allow Eggleston to testify compromised that privileged information.

Novacek's argument calls into question the right of a party to call as its own witness an expert that has been retained and identified by the opposing party. That issue was analyzed by the Nebraska Supreme Court in *Seeber v. Howlette*, 255 Neb. 561, 566-67, 586 N.W.2d 445, 449-50 (1998), wherein the Court held:

> As a general rule, a party is not precluded from calling as its own witness an expert who has been retained and identified by the opposing party. In *IAFF, Local 831 v. City of No. Platte*, 215 Neb. 89, 337 N.W.2d 716 (1983), we held that where a city's expert witness in a dispute between it and a firefighters' union possessed relevant information regarding prevalent wages and fringe benefit rates, the Commission of Industrial Relations did not err in allowing the union to call the city's expert to testify in the union's case in chief. The witness was not called upon to make any additional investigation and was merely asked to express opinions he had already formed prior to trial. *Id*. We reasoned that it ran contrary to the truth-seeking function of trial "to suggest that unfavorable evidence in the form of an expert's opinion may be kept from either party in the interest of justice and to prevent prejudice." *Id*. at 98, 337 N.W.2d at 722.

But Novacek argues that a distinction should be made when the expert witness has been retained as a consultant not to be called as a witness at trial. She argues that under such circumstances, the opinions formulated by the expert should constitute attorney-client privileged information or work product and should be protected from disclosure.

The plaintiff made a similar argument in *Seeber v. Howlette, supra*, contending that an expert's opinions should be excluded when the expert is retained as an expert not designated as a trial witness. In response to that claim, the Nebraska Supreme Court stated:

> This argument rests upon rule 26(b)(4)(B), which provides: "A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

*Seeber v. Howlette*, 255 Neb. 561, 567, 586 N.W.2d 445, 450 (1998).

In determining whether this discovery rule dictates a similar limitation on the admissibility of an expert's opinion at trial, the Nebraska Supreme Court held:

> While there may be circumstances in which the rationale underlying rule 26(b)(4)(B) would require an order under § 27-403 precluding a party from calling an expert witness retained by the opposing party, such circumstances are not reflected in the record of the present case. There is no showing that [the expert] was privy to the litigation tactics or strategies of the [plaintiff's] counsel. Although he examined x rays which had been taken previously, [the expert's] opinions were based primarily upon the history which he obtained directly from [the plaintiff] and the orthopedic examination which [the expert] conducted.

*Seeber v. Howlette*, 255 Neb. at 568, 586 N.W.2d at 450.

Novacek similarly asserts that the dictates of Rule 26(b)(4)(B) should have been applied by the trial court when Novacek objected to Matthewson calling Eggleston as a live witness. Novacek argues that because no exceptional circumstances were present here, Eggleston's opinions should have been considered attorney-client privileged information or subject to the work product doctrine and protected from disclosure at trial. Inherent in Novacek's argument is the underlying premise that Eggleston's opinions sought at trial were the subject of attorney-client privilege or work product doctrine. However, the party asserting the attorney-client privilege or work product doctrine has the burden of proving that the documents sought are protected. *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997).

In connection with this appeal, Novacek failed to provide a record from the motion to quash hearing in which she attempted to assert this privilege. In relation to whatever evidence was received and considered by the court in connection with that hearing, the court found that the privilege was waived because of Novacek's disclosure of Eggleston's report by leaving it in the back seat of Matthewson's vehicle. Without a record from this proceeding, we are unable to determine whether the evidence supported a finding that the information Novacek sought to protect was subject to the attorney-client privilege or work product doctrine, and if it was, whether that privilege was waived by Novacek's purported disclosure. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). Without that record, as in *Seeber v. Howlette, supra*, we cannot say that Eggleston was privy to the litigation tactics or strategies of Novacek's counsel or whether Novacek did in fact waive any privilege in connection with her purported disclosure. Under those circumstances, we cannot say that the district court abused its discretion in applying the general rule that a party is not precluded from calling as its own witness an expert who has been retained and identified by the opposing party. This assignment fails.

FACTUAL EVIDENCE OF PERJURY

Novacek next assigns that the district court "erred in overlooking that Matthewson perjured himself with his own testimony and evidence submitted by . . . Matthewson, with direct regard to the matter before the court, the signing of the agreement." In furtherance of this assignment, Novacek argues that in an October 20, 2015, recorded meeting, Matthewson provided admissions

which differed from his in-court testimony and, as a result, the district court's conclusions did not align with the evidence presented at trial.

A suit for damages arising from breach of a contract presents an action at law. *Bloedorn Lumber Co. v. Nielson*, 300 Neb. 722, 915 N.W.2d 786 (2018). In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly erroneous. *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002). The appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.*

Here, Novacek filed a complaint wherein she requested the court enter a declaratory judgment finding that the agreement was valid and binding and order Matthewson to perform under the agreement. Novacek argues that the district court erred in making a factual finding that Matthewson had not signed the contract because of the evidence within the recorded conversation. We disagree.

Our review of the recorded conversation indicates that Matthewson specifically indicated during the session that he would not sign the agreement discussed that day. At trial, Novacek attempted to argue that the conversation recorded on October 20, 2015, was a discussion governing Matthewson's refusal to sign an addendum to the agreement, but that he had already signed the original agreement prior to this meeting. Matthewson refuted this proposition, testifying that the October 20, 2015, recorded conversation captured their discussion governing the original agreement. There is nothing in the recorded conversation that necessarily refuted Matthewson's version of events. To the contrary, one of the discussion points recorded dealt with the couple's disagreement governing couple's counseling which was part of the original agreement Novacek alleged Matthewson previously signed. Where, as in this case, the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Noah's Ark Processors v. UniFirst Corp.*, 310 Neb. 896, 970 N.W.2d 72 (2022). Accordingly, providing that weight here, we find no clear error in the district court's determination that Matthewson had not signed the agreement in light of the recorded conversation. This assignment of error fails.

OPINION OF NOVACEK'S EXPERT

Novacek finally assigns that the district court erred in finding that Matthewson had not signed the agreement, which disregarded Carlson's testimony to the contrary.

Determining the weight that should be given expert testimony is uniquely the province of the fact finder. *Wayne L. Ryan Revocable Trust v. Ryan,* 308 Neb. 851, 957 N.W.2d 481 (2021). Where credible evidence is in conflict on material issues of fact, a reviewing court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Id*. A reviewing court gives significant weight to a trial court's credibility determination. *Id.*

In its order, the district court found that:

> [Novacek] employed . . . Carlson, a certified forensic document examiner from Montrose, Colorado with seven years of experience. . . . Carlson has testified as an expert

witness 23 times in the courts in Colorado, Utah, Washington, and Oregon. . . . Carlson testified that the original document is preferred for forensic analysis, but in this day and age copies are frequently the only documents which are available for review. After analyzing a copy of Exhibit 7, and known samples of [Matthewson's] handwriting, . . . Carlson testified that [Matthewson's] signature on Exhibit 7 is consistent with his known writing samples to a reasonable degree of certainty within her field of expertise. In the expert opinion of . . . Carlson, there are no signs that the signature was the result of a "cut and paste" job. In her opinion, it was also significant that Exhibit 7 was signed and dated with what appears to be similar ink.

. . . .

Nebraska law is clear, that an expert's testimony is purely advisory and is not binding on the trier of fact. The fact finder, which in this case is the Court, is not required to take expert opinion as binding. The weight to be given expert testimony is uniquely within the province of the fact finder. See; NJI 2d Civ. Section 1.42-17. Likewise, the Court as the trier of fact in this case is the sole judge of the credibility of the lay witnesses and the weight to be given their testimony. In this case, the Court has considered the factors set forth in NJI 2d Civ. Section 1.41, including my observations of [Novacek] and [Matthewson] while testifying, and has determined as a matter of fact that the testimony of [Matthewson] that he did not sign Exhibit 7 is more credible than the testimony of [Novacek]. The opinion of [Novacek's] expert, . . . Carlson, has been disregarded as . . . Carlson did not have the original of Exhibit 7 to examine. The testimony of [Novacek] that she did not threaten or pressure [Matthewson] in an attempt to have him sign Exhibit 7 is neither reasonable nor credible. I accept the testimony of [Matthewson] that [Novacek] attempted to pressure him into signing Exhibit 7 by threatening to divulge sensitive sexual information about [Matthewson], and about his advertising on Craig's List [sic].

Here, the district court found that Novacek's expert's opinion was not credible or was at least less credible than the other testimony presented during the trial. Because we give weight to the district court's credibility determination, having directly heard and observed the expert testimony, we find no error in the district court's determination that Matthewson's testimony was more credible than Novacek's. This assignment of error fails.

CONCLUSION

For the reasons stated above, we affirm the order of the district court.

AFFIRMED.