IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

HENSLEY V. PETERSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CRAIG HENSLEY, APPELLEE,

V.

VAL PETERSON, APPELLANT.

Filed December 10, 2024.    No. A-24-089.

Appeal from the District Court for Douglas County: KATIE L. BENSON, Judge, on appeal thereto from the County Court for Douglas County, JEFFREY L. MARCUZZO, Judge. Judgment of District Court affirmed.

James W. Bryan for appellant.

No brief for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Craig Hensley brought an action in the small claims division of the county court for Douglas County against Val Peterson regarding a minor vehicle collision that occurred between their daughters. The small claims court ruled in Hensley's favor. Peterson appealed the decision to the district court for Douglas County, which affirmed the lower court's ruling. He now appeals to this court. For the reasons that follow, we affirm.

## BACKGROUND

On March 29, 2023, Peterson's minor daughter rear-ended Hensley's minor daughter while leaving the Elkhorn South High School parking lot. This collision caused minor damage to the rear bumper of Hensley's vehicle.

- 1 -

On June 9, 2023, Hensley filed a claim in small claims court. In this claim, he requested $2,170. This amount represented the cost to repair the damage to his vehicle's bumper, to rent a car for 4 days while his vehicle was repaired, to compensate him for the time he took off work, and to reimburse him for the costs of bringing the action.

A hearing was held on July 7, 2023. During this hearing, Hensley provided a video of the accident, pictures of the vehicle's damaged bumper, and three estimates from different autobody repair shops for replacing the bumper. The first estimate was for $1,336.61. The second estimate was for $1,379.92. And the third estimate was for $1,282.64. Additionally, Hensley estimated his rental car cost to be $78 a day for a total of $312.

Peterson did not deny that his daughter rear-ended Hensley's vehicle and that the collision caused minor damage to the vehicle's rear bumper. However, he asserted the collision did not cause all the damage to the bumper pictured in the photographs and did not warrant replacing the entire bumper.

The court granted judgment in Hensley's favor in the amount of $1,648.61. This amount represented $1,336.61 to replace the vehicle's bumper and $312 for the rental car. The court also awarded Hensley $50.37 for his court costs.

On July 17, 2023, Peterson appealed the county court's judgment to the district court. A hearing was held on December 27. At the hearing, Peterson's attorney generally argued that the award was improper because Hensley failed to adduce evidence of the vehicle's pre-accident and post-accident value, Hensley's estimation of the rental car costs was mere speculation, and the court allowed Hensley to admit inadmissible hearsay evidence. The district court was not persuaded by these arguments and affirmed the county court's ruling. Peterson then filed a motion for rehearing, which the district court denied.

On February 6, 2024, Peterson filed the notice that he was appealing the ruling of the district court.

## ASSIGNMENTS OF ERROR

Restated, Peterson assigns the district court erred in affirming the county court's judgment because Hensley failed to prove he was entitled to property damages and loss of use damages as a matter of law.

## STANDARD OF REVIEW

Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Dailey*, 314 Neb. 325, 990 N.W.2d 523 (2023). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* However, an appellate court independently reviews questions of law in appeals from the county court. *Id.*

## ANALYSIS

Peterson argues that Hensley's award for property damages was improper because he failed to adduce any evidence regarding the vehicle's pre-accident and post-accident market value. He also asserts Hensley was not qualified to testify about what repairs were necessary and reasonable

to repair the damage to his rear bumper. Peterson next argues that the award to reimburse Hensley for his loss of use damages was improper because the only evidence was his estimation that a rental car costs $78 a day and that he rented one for 4 days.

Peterson first argues that Hensley was required to offer evidence of the pre-accident and post-accident value of his vehicle for the court to award damages associated with the replacement of his rear bumper. He contends that because Hensley did not offer this evidence, the court's award of $1,336.61 to replace the vehicle's bumper was improper. We determine that this argument is misplaced.

In *"L" Investments, Ltd. v. Lynch*, 212 Neb. 319, 328-29, 322 N.W.2d 651, 657 (1982), the Nebraska Supreme Court stated:

> The burden of establishing the cost of repair shall be upon the party seeking recovery. If the party against whom recovery is sought believes that the cost of repair exceeds the market value of the property just before damage, then the burden shall be upon such party to introduce evidence to establish that fact, and it will then be up to the trier of fact to determine which of the two measures of damages should be employed. Absent evidence that the cost of repair or restoration exceeds the market value of the property just before damage, it will be presumed that the cost of repair or restoration does not exceed the market value of the property just before damage.

As applied to the present matter, this means that Hensley had no obligation to prove the pre- and post-accident marketable value of his vehicle. Instead, if Peterson believed the cost of repair exceeded the vehicle's market value, he bore the burden of proof. Because Peterson did not provide any evidence regarding the vehicle's market value, we determine this argument fails.

Peterson next argues the property damage award was improper because Hensley was not qualified to testify about what repairs were necessary and reasonable to fix the damage caused by the accident. In this argument, he contends that such testimony could only come from an expert. We do not find this argument persuasive. Proceedings in small claims courts are conducted on a very informal basis, with a minimum of procedural requirements. *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002). For example, the jurisdiction of small claims court is currently limited to those cases where the amount in controversy does not exceed $6,000, although at all times relevant to this matter, the limit was $3,900, § 25-2802(4); parties are not represented by counsel, § 25-2803; matters are tried without a jury, § 25-2805; few formal pleadings are required, § 25-2806; and the formal rules of evidence do not apply. *Henriksen v. Gleason, supra.* The setting in small claims court affords parties the opportunity to obtain a prompt and just determination in an action involving small amounts while expending a minimum amount of resources. *Id.* This setting is vastly different from the relatively more complex and time-consuming litigation that occurs in county or district courts. *Id.*

With the informal nature and limited evidentiary and procedural rules in effect for small claims cases, we determine the court had competent evidence to make its ruling. Hensley provided testimony, photographs of the damage to the bumper, and three estimates from different autobody repair shops. This was sufficient for the court to determine that replacing the bumper was necessary and reasonable to repair the vehicle. Therefore, we determine the county court's award of

$1,336.61 to replace the vehicle's bumper was supported by competent evidence and was not unreasonable.

Peterson next argues that the court's award of loss of use damages was improper because the only evidence offered was Hensley's estimation of how much he would pay for a rental car for 4 days. We first note that in this assignment, Peterson does not contest the amount of the rental charges. Instead, he contests the nature of the evidence relied upon to determine those charges. The reasonable value of the loss of use of personal property is generally the fair rental value of property of a like or similar nature or the amount actually paid for rental, whichever is less. *Chlopek v. Schmall*, 224 Neb. 78, 396 N.W.2d 103 (1986).

We determine there was competent evidence to support the court's award to reimburse Hensley for the costs associated with renting a car for 4 days. As we and the Supreme Court have said, "there is no hierarchy of evidence." *Weston v. Weston*, 32 Neb. App. 822, 836, 7 N.W.3d 230, 242 (2024). There is no general rule of evidence that a party must produce the best evidence which the nature of the case permits. *Id.* A witness' testimony, like a document, is a kind of evidence. *Burgardt v. Burgardt*, 304 Neb. 356, 934 N.W.2d 488 (2019). Further, matters in small claims court "shall be informal so that the rules of evidence, except those relating to privileged communications, shall not apply, with the sole object of providing a prompt and just settlement of the issues" Neb. Rev. Stat. 25-2806. Therefore, Hensley's testimony estimating the fair market value of a rental vehicle constituted competent evidence to justify his award. Accordingly, we determine the county court's $312 award for loss of use damages was supported by competent evidence and was not unreasonable.

CONCLUSION

For these reasons, we determine the district court did not err in affirming the county court's award.

AFFIRMED.